REQUESTED BY: Terry L. Carlson, Executive Director
You have asked whether poultry feeder buildings are subject to inspection pursuant to the State Electrical Act. Each of the buildings you describe will house approximately 40,000 young chickens until they are ready for processing. Two such buildings have been erected at a site near Tecumseh and plans are to build about six more such buildings on the site. The poultry processing company reportedly does not own the buildings; only the chickens. The company contracts with investors to raise the chickens to processing weight.
The company also proposes to contract with area farmers to raise the company's chickens in the same type of buildings. The farmers are apparently to have the necessary buildings constructed. The company will not own these buildings.
The company also may have plans to have such buildings constructed on its own land.
Nebraska. Rev. Stat. § 81-2124 (1) (1994), provides that "[a]ll new electrical installations for commercial or industrial applications, including installations both inside and outside of the buildings, and for public-use buildings and facilities and any installation at the request of the owner shall be subject to the inspection and enforcement provisions of the State Electrical Act."
Neb. Rev. Stat. § 81-2102 (9) (1994), defines a commercial installation as one intended for commerce or for a family dwelling in excess of a single-family living unit.
Neb. Rev. Stat. § 81-2102 (12) (1994), defines an industrial installation as one "intended for use in the manufacture or processing of products involving systematic labor or habitual employment and shall include installations in which agricultural or other products are habitually or customarily processed orstored for others, either by buying or reselling on a fee basis." (Emphasis added.)
Nebraska. Rev. Stat. § 81-2121 (5) (1994), provides that "[n]othing in the State Electrical Act shall be construed to: (p)rohibit an owner of property from performing work on his or her principal residence or farm property, excluding commercial or industrial installations or installations in public-use buildings or facilities, or require such owner to be licensed under the act."
Although the statute just quoted has to do more with when licensing is required of the installer, we mention it because it appears to contemplate that some farm installations may also be "commercial or industrial" in nature so as to trigger regulatory oversight. But on the other hand, it also suggests that the legislature envisioned that there would be some electrical installations on farm property apart from those on the farmer's personal residence which would not be considered commercial or industrial in nature.
Under the facts presented, the buildings at issue are installations in which large numbers of poultry are being fed and stored for others. This falls within the statutory definition of industrial installation at Neb. Rev. Stat. § 81-2102(12). If the number of poultry were not of a substantial size, a feeding operation would not rise to the level of an industrial installation. Likewise, if a farmer were feeding his own poultry, that installation would not fall within the statutory definition of an industrial installation.
Sincerely,
 DON STENBERG Attorney General
 Mark D. Starr Assistant Attorney General
Approved:
Don Stenberg 
Attorney General